UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

**Chambers of**
**Douglas R. Miller**
**United States Magistrate Judge**

101 West Lombard Street
Baltimore, Maryland 21201
MDD_DRMChambers@mdd.uscourts.gov
(410) 962-7770

November 12, 2025

LETTER TO ALL COUNSEL OF RECORD

Re:   *Madison S. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
       Civil No. 24-2982-DRM

Dear Counsel:

On October 14, 2024, Plaintiff Madison S. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF No. 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301. I have considered the record in this case and the parties' briefs. ECF Nos. 10, 15, 17, 18. I find that no hearing is necessary. *See* Loc. R. 105.6. The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REMAND the Commissioner's decision. This letter explains why.

### I.   PROCEDURAL BACKGROUND

Plaintiff filed a Title XVI application for Supplemental Security Income ("SSI") benefits on January 26, 2021, and Child Disability Benefits ("CDB") on June 9, 2020, alleging a disability onset of December 12, 2006. Tr. 39, 224-34. Plaintiff's claims were denied initially and on reconsideration. Tr. 129. On February 8, 2024, an Administrative Law Judge ("ALJ") held a hearing. Tr. 40. Following the hearing, on April 24, 2024, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 39-65. The Appeals Council denied Plaintiff's request for review, Tr. 1, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] Plaintiff filed this case against Martin O'Malley, the Commissioner of Social Security on October 10, 2024. ECF No. 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*Madison S. v. Frank Bisignano*
Civil No. 24-2982-DRM
November 12, 2025
Page 2

## II. THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff had "not engaged in substantial gainful activity since July 26, 2021, the application date." Tr. 45. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "status-post gastric bypass, hernia, adhesions, anxiety, depression, attention deficit disorder (ADHD), and epilepsy." Tr. 45. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 45. The ALJ also determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) except [the Plaintiff] can never climb ladders, ropes or scaffolds and can occasionally climb ramps or stairs; must avoid all exposure to any hazards such as dangerous moving machinery and unprotected heights and is capable [of] no commercial driving; is capable of simple, routine, and repetitive tasks in a low stress job defined as having only simple decision making required, occasional changes in the work setting and no fast[-] paced production requirements such as fast-paced assembly line work or high volume piecemeal quotas; is capable of no interaction with the general public and occasional interaction with co-workers and supervisors such that is capable of working with things rather than with people.

Tr. 54-55. The ALJ determined that Plaintiff had no past relevant work but could perform jobs that existed in significant numbers in the national economy, including Cleaner, Folder, and Garment Packer. Tr. 65-66. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 66.

## III. LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept

*Madison S. v. Frank Bisignano*
Civil No. 24-2982-DRM
November 12, 2025
Page 3

as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

IV. **ANALYSIS**

On appeal, Plaintiff argues that the ALJ "set forth an inadequate hypothetical to the vocational expert and then relied on the testimony of the vocational expert to conclude that Plaintiff could perform work that exist[s] in significant numbers in the national economy." ECF No. 15 at 11. Plaintiff contends that the ALJ's error stems from a "failure to define the limitation she posed to the vocational expert and subsequently included in the RFC." *Id.* Specifically, the hypothetical limited Plaintiff to work with "no fast[-]paced production requirements such as fast-paced assembly line work or high-volume piecemeal quotas." *Id.* Plaintiff maintains that these "terms are neither defined by the Social Security Regulations nor the Dictionary of Occupational Titles," and therefore, without clearly defined parameters, the vocational expert could not have understood the specific limitation intended by the ALJ. *Id.* Plaintiff cites *Thomas v. Berryhill*, 916 F.3d 307 (4th Cir. 2019) to support the argument that remand is warranted where a limitation proposed by the ALJ in his hypothetical is not defined by common meaning, regulation, or the Dictionary of Occupational Titles ("DOT"). Plaintiff also argues the use of the ambiguous term places the RFC determination beyond meaningful review.

In response, the Commissioner contends that courts must read an ALJ's decision "as a whole" and uphold it if the agency's reasoning can be traced, even if the articulation is not ideal. ECF No. 17 at 7. The Commissioner argues that demanding more elaborate explanation would sacrifice administrative efficiency without changing the outcome. *Id.* Here, the Commissioner argues that the RFC's limitation to "no fast-paced production requirements" and other restrictions, when viewed in context, adequately accounted for Plaintiff's moderate limitations in concentration, persistence, or pace. *Id.* at 14.

The Court concludes that the ALJ's decision is not supported by substantial evidence at step five. Courts look "to an existing administrative record and [ask] whether it contains 'sufficient evidence' to support the agency's factual determinations" when reviewing for substantial evidence. *Trena Sue Y. v. Kijakazi*, No. CV DLB-20-1075, 2021 WL 4034264, at *2 (D. Md. Sept. 3, 2021). (citing *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citation omitted)). Agency conclusions must be stated in terms the Court can understand for the Court to conduct substantial evidence review.

In *Thomas*, the Fourth Circuit found that an ALJ's RFC limitation excluding work that "require[d] a production rate or demand pace" prevented meaningful judicial review because the ALJ failed to explain what those phrases meant. With "production rate" and "demand pace" left

undefined, the court concluded that it was "difficult, if not impossible" to determine whether the RFC finding was supported by substantial evidence. Without deciding whether the RFC itself was substantively correct, the court remanded for "a clearer window into" the ALJ's reasoning. *Thomas,* 916 F.3d at 312 n.5. The panel emphasized that, on remand, the ALJ must clarify how long and under what conditions the claimant could sustain focus and remain on task. *Id.* And although *Thomas* identified other grounds for remand, later Fourth Circuit decisions have relied solely on the failure to define ambiguous RFC terms as sufficient justification for reversal. In *Trena Sue*, the court likened the use of the phrase "fast paced produced" to the terms in *Thomas*, both in "form and defect." *Trena Sue,* 2021 WL 4034264 at *4.

Here, as in *Trena Sue* and *Thomas*, the Commissioner does not argue that the regulations, the DOT, or the ALJ's decision define "fast paced production." Nor does the Commissioner suggest that the ALJ established the pace at which plaintiff still can perform work or the pace at which the jobs the VE proposed must be performed, facts necessary to the determination of whether plaintiff can perform such jobs. *See Trena Sue,* 2021 WL 4034264 at *4; *Thomas*, 916 F.3d at 312 n.5 (ordering ALJ to determine on remand "for how long, and under what conditions, [plaintiff] is able to 'focus ... attention on work activities and stay on task at a sustained rate'").

Like in *Trena Sue* and *Thomas*, the ALJ's use of the terms "fast-paced production" and "fast-paced assembly line work or high-volume piecemeal quotas" does not provide sufficient information for the Court to discern its intended meaning, making it effectively impossible to evaluate whether the decision is supported by substantial evidence. *See Trena Sue,* 2021 WL 4034264 at *4; *Thomas*, 916 F.3d at 311–12. Similarly, in *Linger*, the Fourth Circuit held that the phrase "no fast paced production requirements such as assembly line work or piecemeal quotas" did not build an accurate and logical bridge from the evidence to the ALJ's conclusion because "the ALJ said nothing about Linger's ability to perform them for a full workday, given the moderate limitations in Linger's ability to concentrate, persist, or maintain pace and moderate limitations in remembering information." *Linger v. Comm'r of Soc. Sec.*, No. 22-2192, 2025 WL 40548, at *5 (4th Cir. Jan. 7, 2025) (citing *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (finding ALJ erred in assessing claimant's RFC, stating while "the ALJ [] determined what functions he believe[d] [claimant] [could] perform, ... he said nothing about [claimant's] ability to perform them for a full workday" and the ALJ's opinion was "sorely lacking in the analysis needed for us to review meaningfully those conclusions")). Remand is therefore appropriate.

### V. CONCLUSION

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REMANDED.

Despite the informal nature of this letter, it should be docketed as a Memorandum Opinion. A separate implementing Order follows.

*Madison S. v. Frank Bisignano*
Civil No. 24-2982-DRM
November 12, 2025
Page 5

                                        Sincerely,

                                                /s/

                                        Douglas R. Miller
                                        United States Magistrate Judge